UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FORT WORTH AND WESTERN RAILROAD COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-0906-B |
| LAURENCE STEVENSON, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Fort Worth & Western Railroad Company's ("FWWR") Motion to Remand (doc. 8), filed April 3, 2015. FWWR argues that this case should be remanded to state court because this Court lacks federal question jurisdiction over FWWR's state law causes of action. For the reasons that follow, the Court agrees with FWWR, and, accordingly, **GRANTS** FWWR's motion, and orders that this case be **REMANDED** to state court. The Court, however, denies FWWR's concomitant request for attorneys' fees and costs.

### I.

### BACKGROUND

On February 11, 2015, a train owned by FWWR collided with an automobile owned by Defendant Laurence Stevenson.[1] Doc. 1-7, Orig. Pet. ¶ 5. The incident occurred at a railroad crossing at or near the intersection of Highway 171 and County Road 1000, just south of Cresson

---

[1] The Original Petition listed "Lawrence Stephenson" as defendant. However, because the parties appear to agree that the defendant's name is actually spelled "Laurence Stevenson," the Court has adjusted the caption in this case to reflect the same.

-1-

in Johnson County, Texas. *Id.* FWWR alleges that, "[a]t the time of the incident, Stevenson was properly warned of the crossing by the presence of a crossbuck (the familiar black and white sign in the shape of an 'X' that says 'railroad crossing')" but nevertheless "stopped his vehicle in a manner that caused it to block the tracks." *Id.* at ¶ 6. As a result, FWWR filed suit against Stevenson in the County Court-at-Law #1 of Johnson County, Texas, asserting causes of action for negligence and negligence per se and seeking to recover its damages from the resulting collision. *Id.* at ¶¶ 8–10.

Stevenson removed this case to federal court on March 23, 2015 on the basis of federal question jurisdiction, where it was subsequently transferred to this Court. Doc. 1, Notice of Removal; Doc. 7, Order of Transfer. Thereafter, FWWR filed its instant motion to remand.

## II.

## LEGAL STANDARD

The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove any civil action to federal court that falls within the original jurisdiction of the district courts. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). A defendant wishing to remove a state court action to federal court must file a Notice of Removal in the district court and division encompassing the action within 30 days of receiving service of the state court complaint and summons. *Id.* § 1446(a)–(b).

Motions for remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Coffman v. Dole Fresh Fruit, Co.*, 927 F. Supp. 2d 427, 430 (E.D. Tex. 2013) (internal citations and quotations omitted). Furthermore, because federal courts are courts of limited jurisdiction, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## III.

## ANALYSIS

In its Motion to Remand, FWWR argues that removal of this action to federal court was improper, because the Court lacks federal question jurisdiction over FWWR's state law causes of action and therefore urges the Court to remand this action to state court. Doc. 9, Pl.'s Br. 3–8. Further, FWWR requests that the Court award it attorneys' fees and costs under 28 U.S.C. § 1477(c) should the Court rule in its favor and find that Stevenson's removal was improper. Id. at 8–9.

A.   *The Propriety of Removal*

There are two statutory bases for federal court jurisdiction. Relevant here, 28 U.S.C. § 1331 gives the district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether there is federal question jurisdiction, courts follow the well-pleaded complaint rule, according to which "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. With few exceptions, the rule operates to deprive federal courts of jurisdiction where federal jurisdiction is premised on a federal defense, including in

cases where "both parties admit that the only question for decision is raised by a federal preemption defense." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 12 (1983). As a result, the plaintiff may generally avoid federal jurisdiction by pleading only state law claims, even when federal remedies might also exist.

In this case, FWWR has only pleaded two state law causes of action: negligence and negligence per se. Nevertheless, Stevenson argues in his Notice of Removal that this Court has federal jurisdiction under either the (1) substantial federal question doctrine, (2) artful pleading rule, or (3) federal ingredients rule, because FWWR's state law claims are preempted by various federal laws governing the sufficiency of railroad crossing warnings, principally the Federal Railroad Safety Act of 1970 ("FRSA"), the Highway Safety Act of 1973 ("HSA"), and the Federal Railway-Highway Crossing Program, along with their respective implementing regulations. Notice of Removal 2–3. The Court addresses each of these grounds for removal below.

1. Substantial Federal Question/Federal Ingredients Rule

The first and third of these grounds for removal—substantial federal question jurisdiction and the federal ingredients rule—are one in the same. Both apply to confer federal jurisdiction where a state law claim raises a substantial question of federal law or federal law is an ingredient of the state law claim. *See, e.g.*, *Williams v. United States*, 405 F.2d 951, 955 (9th Cir. 1969). However, given the sensitivities surrounding the division of judicial power between the federal government and the states, substantial question jurisdiction exists only if the federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013) (citing *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

In this case, both FWWR's negligence and negligence per se claims are premised on Stevenson's violation of the duty of care created by section 545.251 of the Texas Transportation Code. Orig. Pet. ¶¶ 8–10. Section 542.251 requires an automobile driver to stop sufficiently clear of a railroad crossing if:

> (1) a clearly visible railroad signal warns of the approach of a railroad train; (2) a crossing gate is lowered, or a flagger warns of the approach or passage of a train; (3) a railroad engine approaching within approximately 1,500 feet of the highway crossing emits a signal audible from that distance and the engine is an immediate hazard because of its speed or proximity to the crossing; (4) an approaching railroad train is plainly visible to the operator and is in hazardous proximity to the crossing; or (5) the operator is required to stop by: (A) other law; (B) a rule adopted under a statute; (C) an official traffic-control device; or (D) a traffic-control signal.

Tex. Transp. Code § 545.251. Whether section 542.251 imposed a duty of care on Stevenson and whether Stevenson violated this duty by failing to stop sufficiently clear of the crossing at issue here are purely matters of state law. Although Stevenson's liability may turn on whether there was "a clear visible railroad signal warn[ing] of the approach of a railroad train" or a lowered crossing gate when he approached the crossing, these are purely issues of fact and do not require the examination of federal statutes and regulations regarding the adequacy of the crossing warnings to resolve. As such, FWWR's state law claims do not raise an issue of federal law and therefore do not fall within the Court's federal question jurisdiction.

2. Artful Pleading Rule

Stevenson also posits that federal jurisdiction exists under the artful pleading doctrine. The artful pleading doctrine is a corollary of the well-pleading complaint rule. "In the most general terms, the doctrine provides that a plaintiff cannot frustrate a defendant's right to remove by pleading a case without reference to any federal law when the plaintiff's claim is necessarily federal." Charles Alan

Wright & Arthur R. Miller, Federal Practice & Procedure, 14B Fed. Prac. & Proc. Juris. 3722.1 (4th ed.). In practice, however, the doctrine encompasses three distinct exceptions to the well-pleaded complaint rule: (1) complete preemption; (2) federal claim preclusion; and (3) and substantial federal question jurisdiction.[2] *See id.*

The Court has already considered and rejected the third of these exceptions—substantial federal question jurisdiction—above. The first—complete preemption—applies in cases where a federal statute "wholly displaces" the asserted state law claim(s). *Beneficial Nat.'l Bank v. Anderson*, 539 U.S. 1, 7. Unlike ordinary or defensive preemption, which merely "declares the primacy of federal law, regardless of the forum or the claim," complete preemption converts "what otherwise appears as merely a state law claim . . . to a claim 'arising under' federal law for jurisdictional purposes because the federal statute so forcibly and completely displaces state law that the plaintiff's cause of action is either wholly federal or nothing at all." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 331 (5th Cir. 2008). Complete preemption is the exception rather than the norm. *Id.* "The question in complete preemption analysis is whether Congress intended the federal cause of action to be the exclusive cause of action for the particular claim asserted under state law." *Id.*; *see also Beneficial Nat.'l Bank*, 539 U.S. at 8 (holding that complete preemption occurs where "the federal statute[] at issue provide[s] the exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing that cause of action").

Stevenson makes passing reference to the general doctrine of complete preemption in his

---

[2] It is arguable whether substantial federal question jurisdiction is really an exception to the well-pleaded complaint rule, because whether a plaintiff's state law claims raise a substantial issue of federal law can generally be determined from the face of the plaintiff's complaint alone.

response brief. *See* Def.'s Resp. Br. 6, 10. However, Stevenson provides the Court with no authority or argument demonstrating that Congress intended to "wholly displace" FWWR's claims in this case and replace them with an exclusive federal remedy created by one of the statutes cited in Stevenson's Notice of Removal.[3] Rather, Stevenson has merely quoted a single passage on the general doctrine of complete preemption out of the Federal Civil Rules Handbook. *See* Def.'s Resp. Br. 10 (quoting Steven Baiker-McKee, William M. Janssen & John B. Corr, <u>Federal Civil Rules Handbook</u> 47 (2015 ed.). The quoted text appears on page ten of a fourteen page brief, nearly the entirety of which has been lifted from the Handbook. *See generally id.* Such a general and passing reference to the doctrine of complete preemption, without any case-specific authority or argument, is insufficient to raise complete preemption as a grounds for removal, let alone to satisfy Stevenson's burden of establishing that federal jurisdiction exists in this case.

The second exception to the well-pleaded complaint rule falling under the artful-pleading umbrella—federal claim preclusion—was largely rejected by the Supreme Court in *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 478 (1998). To the extent it survived the Court's decision in *Rivet*, it likely applies only in cases "dealing with claim preclusion of a state antitrust claim as a result of a

---

[3] In his Memorandum of Law in support of his Notice of Removal, Stevenson cites to two seminal Supreme Court cases (along with several lower court decisions) as support for his argument that FWWR's state law causes of action are preempted by federal statutes and regulation regarding railroad safety and therefore subject to federal jurisdiction. Doc. 8-1, Memorandum of Law 1–2 (citing *Norfolk S. Ry. Co. v. Shanklin*, 529 U.S. 344, 357–59 (2000); *CSX Transp., Inc. v. Easterwood*, 506 U.S. 658, 670–671 (1993)). In *Easterwood* and again in *Shanklin*, the Supreme Court held that 23 C.F.R. §§ 646.214(b)(3) and (4), both of which set forth requirements for the installation of federally-funded warning devices at railroad crossings, preempt state tort claims regarding the adequacy of such crossing signals and warnings. *Easterwood*, 506 U.S. at 670–671; *Shanklin*, 529 U.S. at 357–59. The Court did not, however, consider or find that the FRSA completely preempts state tort law regarding railroad safety, let alone the specific state tort law claims asserted here. *See id.* As such, these cases do not support Stevenson's removal of this action to federal court. *See Franchise Tax Bd.*, 463 U.S. at 12.

previous federal antitrust action that went to judgment in federal court." Wright & Miller, 14B Fed. Prac. & Proc. Juris. 3722.1; *see Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n.2 (1981). And since this is not an antitrust case, it does not apply here.

Accordingly, the artful pleading doctrine does not provide a basis for removal of this action to federal court.

B.   *Attorneys' Fees and Costs*

Having determined that removal was improper, the Court turns to FWWR's request for attorneys' fees under 28 U.S.C. § 1477(c). Pl.'s Br. 8. Under section 1447(c), "[a]n order remanding the case may require payment of costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "[t]here is no automatic entitlement to an award of attorney[s'] fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). A court may exercise discretion in awarding attorneys' fees when removal is established to be improper. *Id.* In making this determination, courts consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 293. Although the Court remands this case to state court, the Court concludes that it was not objectively unreasonable for Stevenson to argue the Court has federal "arising under" jurisdiction over FWWR's claims given the substantial amount of federal law regulating railroads and railroad crossings. Consequently, the Court exercises its discretion to not award attorneys' fees in this case.

## IV.

## CONCLUSION

For the aforementioned reasons, the Court **GRANTS** FWWR's Motion for Remand (doc. 8), but **DENIES** FWWR's request for costs and attorneys' fees under 28 U.S.C. § 1447(c). It is

therefore **ORDERED** that this case be remanded to the County Court-at-Law #1 of Johnson County, Texas for further proceedings.

       **SO ORDERED.**

       **SIGNED June 22, 2015**

                                          _____
                                          JANE J. BOYLE
                                          UNITED STATES DISTRICT JUDGE